UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

BRUCE ALAN PERREAULT

        v.        Civil No. 25-cv-00171-JL-TSM

U.S. CITIZENSHIP AND IMMIGRATION SERVICES;
U.S. DEPARTMENT OF STATE; AND MARCO RUBIO,
U.S. SECRETARY OF STATE

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS AND MOTION FOR PRELIMINARY INJUNCTION

On May 7, 2025, self-represented Plaintiff Bruce Alan Perreault, proceeding in forma pauperis, filed suit against the United States Citizenship and Immigration Services ("USCIS")[1] seeking an order directing the government to grant his noncitizen wife Joyce Kusi's ("Mrs. Perreault")[2] visa application so that she may come to the United States from Ghana. Doc. No. 1-1.[3] The court directed the government to file a response and added the U.S. State Department and the Secretary of State as Defendants. See Doc. No. 4. Before the court is Defendants' motion to dismiss the mandamus claims for unreasonable delay under Federal Rule of Civil Procedure 12(b)(1), on the ground of mootness (Doc. No. 18), to which Mr. Perreault objects (Doc. No. 20). Also before this magistrate judge for a Report and Recommendation is Mr. Perreault's motion for preliminary injunction (Doc. No. 15), asking the court to order USCIS to recognize his marriage to Mrs. Perreault for purposes of their spousal visa application.

For reasons explained below, the court recommends that the district judge grant

---

[1] USCIS is a component of the U.S. Department of Homeland Security.
[2] For the purposes of this order, the court will refer to Joyce Kusi as Mrs. Perreault.
[3] This court docketed this matter as a petition for writ of mandamus.

Defendants' motion to dismiss (Doc. No. 18) and deny Plaintiff's motion for preliminary injunction (Doc. No. 15). The court further recommends that the district judge deny as moot all other motions pending in this case, specifically, Plaintiff's succinct, two-line motions, which seek unspecified "Relief" (Doc. No. 19) and "Summary Judgment" (Doc. No. 22).

## LEGAL STANDARD

### I.  Rule 12(b)(1) Standard

The proper vehicle for challenging a court's subject-matter jurisdiction, including on grounds of mootness, is a motion for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). In ruling on a Rule 12(b)(1) motion, the court generally treats all well-pleaded facts in the complaint as true, affording the plaintiff the benefit of all reasonable inferences, to see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. Torres-Negron v. J & N Recs., LLC, 504 F.3d 151, 163 (1st Cir. 2007). In connection with its ruling, the court may also consider extrinsic evidence, such as affidavits or other documentary evidence of uncontested facts, without converting the motion into one for summary judgment. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).

The party seeking to invoke the jurisdiction of the federal court bears the burden of demonstrating the existence of such jurisdiction. Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

### II.  Preliminary Injunction Standard

"[P]reliminary injunctive relief is 'an extraordinary and drastic remedy that is never awarded as of right.'" Harry v. Countrywide Home Loans, Inc., 215 F. Supp. 3d 183, 186 (D. Mass. 2016) (citations omitted). A party seeking preliminary injunctive relief must establish that

2

"'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 576 U.S. 863, 876 (2015) (citation omitted). The burden of proof is on the movant. Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

## BACKGROUND[4]

### *Visa Application Process*

In general, a noncitizen needs a visa to enter to the United States. See Dep't of State v. Munoz, 602 U.S. 899, 903 (2024). Visa applicants must establish eligibility. See 8 U.S.C. § 1361. If the applicant "fails to establish to the satisfaction of the consular officer that he is eligible to receive a visa or other document required for entry," no visa shall be issued. See id.

Congress has "streamlined" the visa application process for noncitizens with immediate relatives, including spouses, in the United States. Munoz, 602 U.S. at 904. The citizen-relative must first file a "Petition for Alien Relative" form, also known as an I-130 petition, with USCIS to have the noncitizen classified as an immediate relative. Id.; Teles de Menezes v. Rubio, No. 24-1253, 2025 WL 2673181, at *1 (1st Cir. Sept. 18, 2025). Once USCIS reviews the petition, determines that a qualifying relationship exists, and approves the petition, USCIS forwards the approved petition to the U.S. Department of State's National Visa Center ("NVC") for further processing. See 8 C.F.R. § 204.2(d)(3); Teles de Menezes, 2025 WL 2673181, at *1-2; Durrani v. Bitter, No. CV 24-11313-FDS, 2024 WL 4228927, at *1 (D. Mass. Sept. 18, 2024); see also 8 U.S.C. § 1154(b). The State Department through its NVC typically notifies the petitioner that the petition has been "Documentarily Qualified," after it receives all necessary documents concerning

---

[4] The following facts are undisputed, except as otherwise indicated.

the petition. Thereafter, the State Department schedules a visa interview with a consular officer abroad. See Durrani, 2024 WL 4228927, at *1. At that point, a noncitizen spouse may submit his or her visa application to the State Department. See Teles de Menezes, 2025 WL 2673181, at *1-2.

In general, a consular officer in the noncitizen's country of origin reviews and adjudicates the visa application and determines the person's eligibility at the final visa interview. See 8 U.S.C. §§ 1201, 1202, 1361; see also Munoz, 602 U.S. at 904. If the visa applicant fails to establish his or her eligibility to the satisfaction of the consular officer, the consular officer will deny the visa application. 8 U.S.C. § 1361. Section 205 of the Immigration and Naturalization Act authorizes the Secretary of the Department of Homeland Security, "at any time," to revoke its approval of an I-130 Petition for "what [the Secretary] deems to be good and sufficient cause." 8 U.S.C. § 1155.

### *Petition and Visa Application at Issue*

On June 8, 2023, Mr. Perreault filed an I-130 petition on his wife's behalf to bring her to the United States from Ghana. See Doc. No. 1-1 at pg. 3. That petition included information showing that, on March 4, 2023, Mr. Perreault and Mrs. Perreault were married via proxy (online) in accordance with the laws of the state of Utah. See Doc. No. 18-3 at pgs. 2-3. USCIS approved that petition in August 2023, allowing the matter to proceed to the next step in the visa application process. See Doc. No. 18-3 at pg. 1. Mr. Perreault received notice that the State Department considered the application to be "documentarily qualified" on October 26, 2023. Doc. No. 1-1 at pg. 3. Mr. Perreault's wife then filed her visa application. Doc. No. 18-3 at pg. 4. On March 12, 2025, Mr. Perreault and his wife had their final interview before a consular officer. Id.

On July 9, 2025, USCIS notified Mr. Perreault that it intended to revoke its prior approval of his I-130 Petition for his wife. See Doc. No. 18-3 at pg. 1; Doc. No. 14-1. The notice from

USCIS dated July 9, 2025, explained that the State Department returned the matter to USCIS for reconsideration of its approval of the I-130 Petition after State Department officials concluded that the marriage between Mr. Perreault and Mrs. Perreault did not appear to be bona fide for purposes of obtaining a spousal visa. Doc. No. 14-1 at pg. 1. The July 9th notice further states that USCIS can choose not to recognize an otherwise legal marriage for purposes of "conferring immigration benefits," if the agency concludes that the applicants married for the primary purpose of obtaining such immigration benefits and circumventing immigration laws. Id. USCIS granted Mr. Perreault thirty days to submit further evidence of the bona fides of his marriage. Doc. No. 14-1 at pg. 6.

Mr. Perreault submitted information to USCIS in response to the July 9th notice. After receiving such information, USCIS determined that the information provided did not overcome the grounds for revocation, and that Mr. Perreault had not established Mrs. Perreault's eligibility for a spousal visa. See Doc. No. 18-3 at pgs. 4-5. In a letter dated August 27, 2025, USCIS informed Mr. Perreault that it would revoke the approval of his I-130 petition. Doc. No. 18-3. The August 27 letter also informed him of his right to file a motion to reopen, or to appeal the decision to the Board of Immigration Appeals within thirty days. Id. at pg. 6.

### *Procedural History*

Mr. Perreault filed the instant case on May 7, 2025, seeking a writ of mandamus. Doc. No. 1-1 at pg. 3. On preliminary review, the court construed Mr. Perreault's allegations as stating statutory claims of delay. Doc. No. 4 at pgs. 3-4.

After receiving notice of USCIS's intent to revoke its approval of his I-130 Petition, Mr. Perreault in July 2025, filed his motion for a preliminary injunction imploring this court to:

> save my wife and myself from the irreparable harm that would be caused by unjustly revoking our bona fide Marriage. Our 1-130 form had already been approved by the evidence that I had submitted. All evidence provided was complete and accurate. There is no just cause to revoke our marriage. We have done nothing

5

>wrong. The assessments done by the consulars [sic] of the Ghana Embassy are blatantly misleading and false assumptions on their part. Not allowing my wife to come to the US is a violation of my basic Constitutional rights.

Doc. No. 15.

Defendants objected to the motion for a preliminary injunction and moved to dismiss Mr. Perreault's claims. Doc. No. 18. Mr. Perreault filed his objection to the motion to dismiss along with two succinct, two-line motions seeking further relief and summary judgment. See Doc. Nos. 19, 20, 22.

## DISCUSSION

### I. Mootness of Unreasonable Delay Claims

"The First Circuit has observed that it is appropriate to consider mootness challenges as challenges to a court's subject-matter jurisdiction, and that "[t]he proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1)." Trafford v. City of Westbrook, 669 F. Supp. 2d 133, 140 (D. Me. 2009)(quoting Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362–63 (1st Cir.2001)).

"Federal courts are courts of limited jurisdiction." Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., 362 F.3d 136, 138 (1st Cir. 2004). Article III of the Constitution grants federal courts the authority to adjudicate only live "Cases" and "Controversies." See Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013). A case becomes moot (and therefore no longer a "Case" or "Controversy" for purposes of Article III) "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 91. If a case is moot, dismissal is "compulsory." Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001). In its Rule 12(b)(1) motion to dismiss, Defendants present undisputed evidence showing that USCIS and the State Department officials completed their adjudication of the petition and visa application at issue. They contend

6

that there is no longer any delay to address, rendering Mr. Perreault's unreasonable delay claims moot and stripping this court of subject matter jurisdiction over those claims. This court agrees.

Under either the Administrative Procedure Act ("APA"), or the Mandamus Act, "when an unreasonable delay claim is predicated on an immigration petition, the claim is routinely found moot when the government adjudicates the petition." See LaMarche v. Mayorkas, No. CV 23-30029-MGM, 2024 WL 2502929, at *4 n.4 (D. Mass. May 22, 2024) (citing Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001)). "As a logical matter, the court cannot compel USCIS to complete acts which 'have already been completed.'" LaMarche, 2024 WL 2502929, at *4.

Here, Mr. Perreault filed this action alleging that he and his wife had not received a decision on their visa application since their final interview. See generally Doc. No. 1-1. The court liberally construed that claim as a statutory unreasonable delay claim. Doc. No. 4. Mr. Perreault received a final decision on the visa application in August 2025, after he filed this case. Because USCIS and the State Department completed their processing of the visa application, this court is no longer able to grant Plaintiff any relief on his unreasonable delay claim against those agencies. The unreasonable delay claim is now moot and subject to dismissal for lack of jurisdiction.

## II. Claims Relating to USCIS Decision to Revoke Approval of I-130 Petition

Construed liberally, the motion for a preliminary injunction appears to seek to add supplemental claims to this case, arising from USCIS's decision to revoke its prior approval of Plaintiff's I-130 Petition, upon determining that Mrs. Perreault was not his immediate relative for purposes of obtaining a spousal visa. See Doc. No. 18 at pg. 5. In Bouarfa v. Mayorkas, 604 U.S. 6, 19 (2024), the U.S. Supreme Court determined that the Secretary's discretionary decision to revoke the approval of an I-130 Petition in such circumstances is not subject to judicial review. See id.

The Immigration and Naturalization Act, 8 U.S.C. § 1252(a)(2)(B)(ii), strips courts of jurisdiction to review any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary." Id.

> In [8 U.S.C.] § 1155, Congress granted the Secretary [of Homeland Security] broad authority to revoke an approved visa petition "at any time, for what he deems to be good and sufficient cause." Such a revocation is thus "in the discretion of" the agency. [8 U.S.C.] § 1252(a)(2)(B)(ii). Where § 1252(a)(2)(B)(ii) applies, then, it bars judicial review of the Secretary's revocation under § 1155.

Id. Accordingly, this court lacks jurisdiction to review claims challenging the USCIS decision to revoke its prior approval of the I-130 Petition, and for that reason, Plaintiff's effort to add supplemental claims relating to that agency's decision to this case is futile.[5]

### III. Motion for a Preliminary Injunction

The likelihood of success is the sine qua non of the court's test for granting or denying motions for a preliminary injunction. See Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 173 (1st Cir. 2016). This court must dismiss this action as moot because it lacks jurisdiction to review USCIS's revocation of its approval of the I-130 Petition for Mrs. Perreault, and USCIS's decision on the I-130 Petition renders the unreasonable delay claims in this case moot. Plaintiff in such circumstances cannot demonstrate any likelihood of success on his claims in this case. Accordingly, the district judge should deny Plaintiff's motion for preliminary injunction (Doc. No. 15).

---

[5] Defendants in this case note that Mr. Perreault has further recourse, whether or not he filed a timely motion to reopen, or administrative appeal, of the August 27, 2025, USCIS decision. Doc. No. 18-1 at pg. 7. Mr. Perreault is free to file a new I-130 petition seeking to establish Mrs. Perreault 's eligibility for a spousal visa. Id. If USCIS denies that second petition because of its prior revocation decision, Mr. Perreault may seek further review of that determination, in a new case filed in a court of competent jurisdiction. See Bouarfa, 604 U.S. at 15.

### IV. Remaining Motions

Given this court's recommendation that the district judge grant Defendants' motion to dismiss for mootness and lack of jurisdiction, Plaintiff's remaining motions should also be denied as moot. See González v. Vélez, 864 F.3d 45, 56 (1st Cir. 2017) (after court granted defendants' motion to dismiss, plaintiffs' motion for summary judgment became moot). To rule otherwise would be to render an advisory opinion, which Article III prohibits. See Pietrangelo v. Sununu, 15 F.4th 103, 105 (1st Cir. 2021).

### CONCLUSION

For the foregoing reasons, the magistrate judge recommends that the district judge: (1) grant Defendants' motion to dismiss (Doc. No. 18); (2) deny Plaintiff's Motion for a Preliminary Injunction (Doc. No. 15); and (3) deny the remaining pending motions (Doc. Nos. 19, 22) as moot. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (citation and quotation marks omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

October 7, 2025

Cc:   Bruce Alan Perreault, pro se
      Counsel of Record